

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**11/05/2007**

IN RE:
B & A DEVELOPMENT GROUP, L.P. §
    Debtor(s)             §
                      §

CASE NO: 07-32326

CHAPTER  11

### <u>MEMORANDUM OPINION</u>
### <u>CONCERNING DENIAL IN PART OF OBJECTION TO CLAIM</u>
### <u>(Doc. # 80)</u>

       Limited partners of the chapter 11 debtor filed an objection to the scheduled claim of Michelle Rogers.  Rogers' claim was listed on Schedule E by the Debtor as an undisputed priority unsecured claim in the amount of $8,995 for wages, salaries and commissions.  The Partners allege that Rogers was not an employee of the debtor but a contractor and therefore should be classified as general unsecured creditor.  The objection is denied.

## I.    BACKGROUND

       B & A Development Group, LP ("Debtor") was created to raise funds to develop restaurants and medical professional buildings on a 10-acre property in The Woodlands, Texas.

       Henry Altman is the President of Debtor's general partner, B & A Development Group, GP, Inc.  Leonardo Palau, Vincent Aquino, Bruce S. Lachterman, Nadeem Jamil, James Adams, Rex Tucker, William Croom, Athur Siddiqi, John W. Nelson, John Meriggi and Murray Fershtman (collectively the "Partners") are the limited partners of the Debtor.  Through its general partner, Debtor filed its petition under chapter 11 of the Bankruptcy Code commencing this case on April 2, 2007.  Debtor's Schedule E lists Michelle Rogers as a creditor holding an unsecured priority claim in the amount of $8,995.00.  (Docket # 9).  The claim is not listed as being contingent, unliquidated or disputed and is for wages, salaries, and commissions.

       The deadline to file a proof of claim was August 6, 2007.  Rogers did not file a proof of claim.

       Debtor filed its plan on July 7, 2007.  (Docket # 31).  The plan lists priority claims including $40,000 in wage claims that qualify as priority to be paid in full.  The plan was amended to reclassify four different wage claims on August 29, 2007, after the deadline to file a proof of claim.  On September 13 the Partners filed an objection to the Debtor's scheduled wage claims mirroring the reclassification of the claims in the amended plan (the "Objection").  (Docket #80).  The plan was confirmed September 14 and states that the pending priority claim objection survives confirmation of the plan.  (Docket #81).

       The Objection challenges the classification of the four debts listed on Schedule E held by Anthony Rao, Henry Altman, Louis Stranahan, and Michelle Rogers.  Partners allege that the

scheduled claims do not constitute wages, salaries or commissions entitled to priority.  (Docket # 80).

Anthony Rao and Henry Altman are shareholders of the Debtor's general partner. Altman was present at the confirmation hearing and had no objection to the reclassification of his claim.  Counsel for the Debtor represented that she had a written agreement with Rao that he had no objection to the reclassification of his claim.

Stranahan's claim was reclassified to a secured claim based on a lien held by Stranahan.

Rogers is the only outsider to the Debtor among this group.  Rogers worked as the director of marketing.  She is recently divorced and has 3 minor children.  Her eldest is seventeen years old and is working to help the family make ends meet.  Rogers objects to the reclassification of her claim.

Debtor and the Partners believe that the objections to the claims of Rao, Altman and Stranahan are now moot.  All that remains at issues is the objection to Rogers' claim.

## II.   LEGAL ANALYSIS

A.     Proof of Claim Not Required

A proof of claim or interest is deemed filed under section 501 of the Bankruptcy Code for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2), except a claim or interest that is scheduled as disputed, contingent, or unliquidated.  11 U.S.C. § 1111(a).  The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated.  FRBP 3003(b).  Debtor's Schedule E has consistently listed Rogers' claim as an unsecured priority claim that is not disputed, contingent, or unliquidated.  Schedule E is attached to Debtor's final disclosure statement dated August 29, 2007, after the deadline to file a proof of claim.  (Docket # 71-3).  As such, Rogers was not required to file a proof of claim.  Debtor's scheduling of Rogers' claim is prima facie evidence of the validity and the amount of the claim.

B.     Rogers Is An Employee

A claim or interest, proof of which is filed under § 501 of the Bankruptcy Code, is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a).  The parties do not object to the amount of the claim, only its classification.  A claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim.  *Matter of Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.  *Id.*

The Bankruptcy Code claims for wages (and related amounts due) as priority unsecured claims, but only to the extent of $10,000 for each individual or corporation, as the case may be,

and only to the extent that the claims were earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business. 11 U.S.C. § 507(a)(4)(A).

At a hearing on October 15, 2007, in support of its position, Partners' counsel cited the confirmation of the plan classifying the claim as a general unsecured claim, the issuance to Rogers of a W-1099 form instead of a W-2 form by the Debtor, and the denial of unemployment benefits to Rogers by the Texas Workforce Commission ("TWC").

Rogers testified that she began working for Debtor in July 2006 as a director of marketing. She considered herself a wage employee. She worked full time and was required to be at work form 9:00AM to 5:00PM. She was under the supervision of Altman. She worked for Debtor for seven months but was paid only for four months. There is no objection to the amount owed for the four months, $8,995.00. Payment from the Debtor became irregular in October or November 2006. Rogers testified that on January 15, 2007, she was told her salary could not be guaranteed beyond February 1.

Rogers testified that when she started, she was approached by the Debtor's accountant regarding whether Rogers wanted withholding from her paycheck. She never received a W-2 Form. Rogers also claims she was offered medical care when she started working for Debtor, but never received it. Rogers did not receive a 1099 Form until after this Court ordered Debtor to issue one. Debtor further testified that when she went to TWC she had no documentation to present because at that time she had received neither a W-2 Form nor a 1099 Form. The TWC denied Rogers unemployment benefits.

Although the Court gives some weight to the TWC's findings, the decision of the TWC to deny Rogers' unemployment benefits is not conclusive as to the priority status of her claim. Though she may not be recognized as an employee by TWC, the preponderance of the evidence (and certainly the equity of the situation) indicates that Rogers was recognized as an employee by the Debtor. She believed herself to be an employee and was treated like one.

### III.   CONCLUSION

By separate order issued this date the Objection to Claim at docket #80 is overruled as to Michelle Rogers.

AT JUDGE STEEN'S REQUEST, THIS MATTER WAS CONSIDERED BY JUDGE BOHM. THIS CASE REMAINS ASSIGNED TO JUDGE STEEN.

November 5, 2007

Jeff Bohm
United States Bankruptcy Judge